ORIGINAL

FILED

25 FEB 04 PM 3:43

DISTRICT OF UTAH

BY:

ALAIN C. BALMANNO – 3985
Assistant Attorney General
Assistant Utah Attorney General
160 East 300 South, Sixth Floor
P. O. Box 140856
Salt Lake City, UT 84114-0856
Telephone: (801) 366-0100

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| ALLEN, Weston D., <br><br>    Plaintiff, <br><br> v. <br><br> UTAH STATE PRISON; DR. RICHARD M. GARDEN, Medical Administrator; BARRY STONE; Physician Assistant; TERRY JEFFRIES, JR. Physician Assistant; KENNON G. TUBBS, M.D.; RAYMOND MERRILL, Physician Assistant; CARL W. AVERY; Registered Nurse <br><br>    Defendants. | **DEFENDANTS' MOTION TO DISMISS, FOR SUMMARY JUDGMENT AND QUALIFIED IMMUNITY** <br><br><br> Case No:  03-CV-173TS <br><br> Judge:  Ted Stewart <br><br> Magistrate Judge:  Samuel Alba |

Defendants Richard M. Garden, Barry Stone, Terry Jeffries, Kenneth G. Tubbs,

Raymond Merrill and Carl W. Avery, through counsel, Alain C. Balmanno, Assistant Utah State

Attorney, submit this *Motion to Dismiss, for Summary Judgment and Qualified Immunity*

pursuant to Fed. R. Civ. P. 12(b)(1) and 56(c).



Defendants' *Motion* is based in part on plaintiff's claim being moot. *McClendon v. City of Albuquerque,* 100 F.3d 863, 867 (10th Cir.1996); *Murphy v. Hunt,* 455 U.S. 478, 481, (1982).

Further, to prove a violation of the Eighth Amendment for failure to provide medical care a prisoner must prove acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. *Olson v. Stotts,* 9 F.3d 1475, 1477 (10th Cir. 1993). Plaintiff is unable to meet his burden because defendants have not been indifferent to plaintiff's medical needs.

Summary judgment is appropriate under Rule 56 (c) against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). Moreover, defendants are entitled to qualified immunity because defendants' actions did not violate a constitutional right. *Mick v. Brewer*, 76 F.3d 1127, 1134 (10th Cir. 1996); *Wilson v. Meeks*, 52 F.3d 1547,1552 (10th Cir. 1995).

For the reasons more fully developed in the supporting *Memorandum*, plaintiff's *Complaint* should be dismissed with prejudice.

DATED this **25** day of February, 2004.

Alain C. Balmanno
Assistant Attorney General
Attorney for Defendant

2

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing **DEFENDANTS' MOTION TO**

**DISMISS, FOR SUMMARY JUDGMENT AND QUALIFIED IMMUNITY** was served by U.S. mail this

25th day of February, 2004 to the following:


Weston David Allen
Pro Se Inmate #14310
Utah State Prison
P. O. Box 250
Draper, UT  84020


_Corina Archuleta_